LEMMON, Judge.
Plaintiff’s employer, an insurance company, has appealed from a judgment awarding her workmen’s compensation benefits for total and permanent disability. Issues include the disputed occurrence of an accidental injury on the job and the extent of resulting disability.
Plaintiff, who had worked for defendant as a clerk typist for three years prior to the alleged incident, testified: On October 11, 1973 she strained her back when she attempted to move her desk with the assistance of Mary Meric, the processing supervisor. She told Miss Meric about the injury and also mentioned it to James Norvell, another employee. When the pain continued throughout the morning, she attempted to see Dr. Lawrence O’Neil during her lunch hour, but was given an appointment for the next day because he was out of the office. She returned to work for the rest of the day and also informed Mr. Sarine, the office administrator, of the accident. During the night she was unable to sleep because of back pain. The next day she went to Dr. O’Neil, who placed her at bed rest, and she so informed Miss Meric. She has not worked since.
As to the occurrence of the incident, Miss Meric admitted helping plaintiff move the desk, but denied plaintiff ever complained of strain or injury. Norvell had no recollection of a desk moving incident or of plaintiff’s complaint on injury. Mr. Sarine was out of state at time of trial and was no longer in defendant’s employ.
Thus, the issue of the occurrence on an accident on the job basically involves resolution of conflicting factual testimony. The trial judge apparently accepted plaintiff’s version of the incident and rejected the version related by Miss Meric. While there was other evidence (relating more to the question of the underlying disability) which militated to some extent against plaintiff’s credibility, we cannot say after review of the complete record that the trial judge manifestly erred in concluding that an accident did occur.'
The more difficult issue involves the extent of the disability resulting from that accident. Defendant attacked the sufficiency of plaintiff’s evidence as to disability primarily on the basis that the trial testimony of Dr. O’Neil, the only physician presented by plaintiff, was different from the testimony given in an earlier deposition. rA chronological development of the medical facts is necessary to demonstrate the problem.
In 1970 Dr. O’Neil had removed plaintiff’s gall bladder and a malignant polyp from her colon. Then in July, 1973 he treated her for tension and nervousness and notified her employer that she needed some time off, because of pressure from the tedious work.
On October 12, 1973, the day after the desk moving incident, Dr. O’Neil found marked tenderness over each lumbosacral joint and tenderness and rigidity in the lower half of the abdomen, but no palpable masses. He prescribed an anti-inflammatory drug, as well as an antibiotic to prevent development of diverticulitis, which is usually found to some degree in persons over the age of 40. (Plaintiff was 58 years old at the time.)
*379 Plaintiff showed improvement in examinations over the next two weeks, but rectal examination revealed marked tenderness and spasm of the levator ani muscles, which serve to uphold and raise the pelvic floor and function chiefly in defecation. Dr. O’Neil stretched these muscles and continued the medication, and by November 30 the tenderness and pain had subsided.[1]
Plaintiff did not obtain other employment, but she did receive unemployment compensation, stating in her application that she was ready, willing and able to work.
On February 11, 1974 plaintiff returned to Dr. O’Neil, complaining of severe back pain radiating across both sides. He again found tenderness and spasm of the levator ani muscles. The doctor explained that when these muscles are dilated in treatment, it is common for the patient to obtain relief for several weeks or several months only to suffer a recurrence of symptoms. He continued similar treatment through the middle of March.
About a month later she returned with back pain after having moved a chair, and Dr. O’Neil found marked tenderness over both levator muscles. When the spastic condition continued into July, Dr. O’Neil referred plaintiff to an orthopedic surgeon who diagnosed lumbosacral sprain and recommended a back brace. In a July 30, 1974 report Dr. O’Neil stated plaintiff’s physical activities had returned to normal, although she still had occasional attacks of lower abdominal pain and rectal spasm. He examined her three times in September and twice in January, 1975, and on each occasion found moderate tenderness in the back and rectal areas. He did not examine her again thereafter.
Plaintiff testified that she attempted to find work after being discharged by Dr. O’Neil in December, 1974 (presumably meaning January, 1975), but was unable to find anything in her line.
In a March, 1975 deposition Dr. O’Neil stated that plaintiff’s underlying problem was diverticulitis. However, at the January, 1976 trial he explained that at the time of the deposition he was in the beginning stage of a serious illness which incapacitated him for several months and that after reviewing his records, he concluded he was in error as to that statement. Dr. O’Neil further explained that while diverticulitis can produce pain in the back and in the rectal and abdominal areas, the whole pattern of plaintiff’s record did not fit that diagnosis.[2]
In summary as to causation Dr. O’Neil, stating that such spasms could occur intermittently and that trauma was the most common causative factor, related plaintiff’s condition to the desk-moving incident which she had described. He also observed that nervousness and tension could have prolonged the symptoms of traumatic origin.
While Dr. O’Neil’s testimony was discredited to some extent by the contradictory diagnosis in the earlier deposition, his overall testimony was otherwise uncontradicted and provides reasonable support for a finding of disability through January, 1975.[3] Nevertheless, there was no opinion given as to the probability of continuation or recurrence of disability, and there was no evidence whatsoever that plaintiff was still *380 disabled at time of trial (or that she was disabled at any time after January, 1975) from any condition related to the accident. The finding of permanent disability is therefore unsupported, and the judgment must be modified to that extent.
We therefore conclude that plaintiff’s disability, if any, at time of trial is the result of anxiety and tension which pre-dated the accident. The medical evidence failed to establish a causal connection between the trauma and the condition of the anxiety and tension. The evidence further failed to establish that the back injury, caused by the trauma, resulted in permanent disability-
Accordingly, the judgment of the trial court is amended to award compensation benefits only through January, 1975 and all medical expenses incurred through that date. As amended, the judgment is affirmed.
AMENDED AND AFFIRMED.

. Dr. O’Neil admitted plaintiff could have returned to work at that time, but four days after the injury she had submitted a letter of resignation, accompanied by a letter from Dr. O’Neil advising the termination because of tension and pressure.

. He had never found a mass or tenderness in the colon and had never felt a mass in rectal examinations. Furthermore, he noted that tenderness from diverticulitis would have occurred mainly on the left side, where the colon is located, and that plaintiff always had tenderness on both sides, above the levator ani muscles. In addition, X-rays in April, 1973 and December, 1974 were negative for diverticulitis.

.Perhaps defendant was entitled to a continuance when Dr. O’Neil changed his opinion in trial testimony, but counsel chose instead to rely on insufficiency of plaintiff’s evidence and to appeal from an adverse judgment. That choice was vindicated to the extent that the evidence was insufficient to support a finding of permanent disability.